## EMMA M. NAKUINA *vs.* ANTONE LOPEZ.

### EXCEPTIONS.

HEARING, MARCH 30, 1891.   DECISION, APRIL 14, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

In an action of ejectment, the plaintiff's title being by purchase upon a foreclosure of mortgage, there appearing to be some variation between the name of a foreign investment company as set forth in the mortgage and as registered in the office of the Interior Department:

Held, that there being no doubt of the sale having been made in pursuance of mortgage executed by the mortgagor, the defendant could not (the corporation not being a party) sustain a contention which would invalidate this mortgage.

### OPINION OF THE COURT, BY McCULLY, J.

The point of law, upon which an exception was taken, is stated at large in the decision of the Trial Justice, which is appended hereto.

Upon examimation, we are of opinion that the defendant's exception was not well taken, for the reasons and on the authority cited in the decision, which we adopt as the opinion of the Court, and hereby overrule the exception.

### DECISION OF McCULLY, J., APPEALED FROM.

The action is ejectment. It is satisfactorily proved that the plaintiff purchased the premises in question under the foreclosure suit of the assignee of the alleged mortgagee. The defendant entered into possession, and holds by a lease from the mortgagor made subsequent to the mortgage. The defendant by his counsel makes only the following contention in law: The mortgage was made to the "Hawaiian Investment and Agency Company, Limited," a foreign corporation carrying on business in the Hawaiian Kingdom. The plaintiff, in proof

of the existence and the authorization to do business in this Kingdom of this company, offered proofs of the performance of the statute requirements by a company styled the "Western and Hawaiian Investment and Agency Company, Limited, etc." The defendant objected that the assignment of the mortgage being made by the former named company was not done by a foreign corporation authorized to do business in this Kingdom, whence no title passed to the assignee.

I think this contention cannot be legally supported. It goes to the extent of claiming that the loans of this investment company are to be confiscated for the benefit of the mortgagors who have received the money and the concurrent mortgages are to be invalidated, on account of a variance in the title as filed in the office of the Minister of the Interior. There is no question but that the mortgage of the mortgagor, Frank Metcalf, to the corporation therein styled The Hawaiian Investment and Agency Company, is the one here produced in the original, with the original assignments endorsed thereon, upon the foreclosure of which the plaintiff's title is based. The particular issue has therefore become *res judicata* by the decree of foreclosure. The investment company is not a party to this suit. Frank Metcalf, the mortgagor, could not set up the defense of the non-existence of this corporation, or its non-capacity to transact business in this Kingdom, having admitted so much by transacting business with it. *Topping vs. Bickford*, 4 Allen, 120, in which Bigelow, J., says: "The defendants, by giving their notes to the corporation in their corporate name as payees, admitted their legal existence and capacity to make and enforce the contracts declared on, so far, at least, as to render proof unnecessary in the opening of the plaintiff's case." And the defendant herein cannot make a defense for his possession which the mortgagor could not make against the foreclosure. In any view of the case there appears to be a merely slight misnomer or change of name, and it is sufficiently proved that the company named in the mortgage is identical with the one which has filed its articles with the Minister of the Interior. "A contract entered into by a corporation under an assumed name may be enforced

by either of the parties. If the contract is expressed in writing, and the identity of the corporation can be ascertained from the instrument itself, the misnomer is wholly unimportant, but if necessary other evidence may be introduced in order to establish what company was intended." 2 Morawetz on Corporations, Sec. 774.

I hold that this defense is not supported in principle or by authority. There is no ground of fact contested. I decide in favor of the plaintiff and award damages of twenty-five dollars. Judgment may be entered accordingly.

*J. A. Magoon,* for plaintiff.

*A. Rosa,* for defendant.